**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Eduardo FLORES, Defendant-Appellee.**

**No. 75–1102.**

United States Court of Appeals,
First Circuit.

May 5, 1976.

Libero Marinelli, Jr., Atty., Tax Div., Dept. of Justice, Washington, D. C., with whom Scott P. Crampton, Asst. Atty. Gen., Julio Morales-Sanchez, U. S. Atty., Ignacio Rivera Cordero, Asst. U. S. Atty., San Juan, P. R., Gilbert E. Andrews, and Crombie J. D. Garrett, Attys., Tax Div., Dept. of Justice, Washington, D. C., were on brief for plaintiff-appellant.

Isaias Rodriguez Moreno, San Juan, P. R., for defendants-appellees.

Before COFFIN, Chief Judge, MATTHES **, Senior Circuit Judge, and McENTEE, Circuit Judge.

** Of the Eighth Circuit, sitting by designation.

1. Section 6321 provides in pertinent part that if any person liable to pay any tax neglects or refuses to pay the same after demand, the amount shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

MATTHES, Senior Circuit Judge.

This appeal by the United States Government requires us to decide whether the district court properly concluded that the United States Government's liens for unpaid federal unemployment taxes (FUTA) in the amount of $792.57, and withholding and federal insurance contribution taxes (FICA)in the amount of $4,981.58, are inferior and subordinate to the ownership by appellees Santana Printing Corporation and Eduardo Flores of certain personal property. We reverse and remand with directions.

A resume of the background events will lend assistance in understanding the controversy giving rise to this litigation.

In 1971 the Internal Revenue Service assessed the FUTA taxes and withholding and FICA taxes in the amounts above stated against Puerto Rico Litho Corporation. The assessments were not paid, and pursuant to § 6321 of the Internal Revenue Code of 1954, 26 U.S.C. § 6321, the amounts became a lien in favor of the Government upon all property owned by the person owing the taxes.[1] Pursuant to 26 U.S.C. § 6323,[2] in order to assure priority of the tax liens the IRS filed notices of liens on January 28, 1972 at or before 9:00 a. m. in the office of the Clerk of the United States District Court for the District of Puerto Rico, as to all but the FUTA taxes. The notice of lien for the FUTA taxes was filed on March 14, 1972.

At the time of the filing of the first notices of tax liens, Puerto Rico Litho Corp. was indebted to one of the appellees, Eduardo Flores, and entered into a stipulation with Flores which was filed in the Superior Court of Puerto Rico, San Juan Part. The stipulation provided that Puerto Rico Litho Corp. owed Flores $32,845 and

2. Section 6323(a) of the Internal Revenue Code of 1954 provides:

The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary or his delegate.

that to discharge the indebtedness the corporation assigned to Flores machinery and accounts receivable, all of which were, of course, subject to the Government's liens. The stipulation was filed on January 28, 1972, but subsequent to the hour that the IRS had filed its notices of liens in the clerk's office as to all but the FUTA taxes. The Superior Court entered judgment approving the stipulation on February 2, 1972. On October 5, 1972 Flores sold most of the machinery assigned to him by Puerto Rico Litho Corp. pursuant to the stipulation to appellee Santana Printing Corporation (Santana).

On the 17th day of November 1972, the Government filed its complaint in two counts, pursuant to §§ 7401 and 7403 of the Internal Revenue Code of 1954 against Santana and Flores to enforce its liens against the property Puerto Rico Litho Corporation had assigned to Flores some of which had in turn been sold to Santana. The Government alleged in Count I that its liens had priority and that it was entitled to have the liens foreclosed. In Count II the Government alleged that under 10 L.P.R.A. § 1720, the assignment by Puerto Rico Litho Corporation of its property to Flores was a conveyance in fraud of a preferred creditor and therefore should be set aside.

The government moved for partial summary judgment as to Count I and Flores moved for summary judgment as to both counts. The district court granted Flores motion and entered a judgment in favor of Flores and Santana. From this judgment, the Government has appealed.

■ The crucial question for decision is whether the Government filed its notices of liens in the proper place as provided in § 6323(f) so that its liens have priority over any interest which Flores or Santana have in the subject personal property. Resolution of this issue brings into consideration provisions of the Internal Revenue Code of 1854 relating to the proper place for filing of the notice of a tax lien. We begin with § 6323(f), which provides in pertinent part as follows:

(f) Place for filing notice: form:—

(1) Place for filing.—The notice referred to in subsection (a) shall be filed—

(A) Under State laws.—

\* \* \* \* \* \*

(ii) Personal Property.—In the case of personal property, whether tangible or intangible, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated; or

(B) With clerk of district court.—In the office of the clerk of the United States district court for the judicial district in which the property subject to the lien is situated, whenever the State has not by law designated one office which meets the requirements of subparagraph (A); \* \* \*

The appellees contend and the district court agreed that Puerto Rico has by statute designated a place for the filing of federal tax liens on personal property, that the IRS failed to comply with the applicable Puerto Rico statutes and consequently that Flores and Santana had a superior right to that property.

We turn to Chapter 91 of Title 30, L.P.R.A., §§ 1921 et seq., entitled "Registry of Federal Tax Liens," which purports to satisfy the requirements of § 6323(f).

30 L.P.R.A. § 1921 provides:

Every registrar of property shall keep a book to be known as "Registry of Liens for Taxes in favor of the United States of America" in which shall be registered all notices of delinquent federal taxes in accordance with sections 6321, 6322 and 6323 of the United States Internal Revenue Code and their corresponding certificates of payment or release.

30 L.P.R.A. § 1922 provides:

The notices of federal liens referred to in this chapter shall be presented for registration in the *section of the registry of property of the district where the real properties affected are located.* After their registration, said notices shall be *filed,* in correlative number, in a record to be kept in the registry, subject to the following provisions.

(Emphasis supplied).

The district court concluded that §§ 1921 and 1922 were ambiguous as to their applicability to federal tax liens on personal property and that in determining whether § 1921 applies to liens on both real and personal property the legislative intent of the Puerto Rico legislature should govern. Proceeding from that premise the court held that this intent was "to designate the Office of the Registry of Property as the filing place of federal tax liens so as to 'give greater publicity to the federal tax liens'" and that therefore §§ 1921 and 1922 construed together called for the filing of notices of federal tax liens on personal property with the Registry of Property. We disagree with the district court's reasoning and hold that Puerto Rico has failed to designate an office for filing notices of federal tax liens on personal property within the meaning of § 6323(f).

Careful analysis of Chapter 91 of Title 30 reveals that § 1922 is the only section designating a place for filing notices of liens. It designates with precision the place for filing notices of liens on *real* property. Neither that section nor § 1921 designates specifically the place for filing notices as to personal property. However, § 6323(f) clearly requires such a specific designation. We are guided by the United States Supreme Court's decision in *United States v. Union Central Life Insurance Co.,* 368 U.S. 291, 82 S.Ct. 349, 7 L.Ed.2d 294 (1961). In that case the IRS had filed a notice of tax lien in the United States District Court for the District of Michigan in which certain real property was located. The IRS had refused to file the notice with the local register of deeds because Michigan law required a description of the land upon which the lien was claimed, and the form of notice used by the IRS did not include such a description. Since Michigan required such a description, the IRS concluded that Michigan had not "authorized" filing of the notice within the meaning of § 3672 of the Internal Revenue Code of 1939, the predecessor to § 6323, and that the notices should, therefore, properly be filed in the

United States District Court. The Supreme Court agreed with the IRS, holding that the State of Michigan could not place obstacles to the enforcement of federal tax liens not clearly permitted by Congress, and in attempting to do so, had not "authorized" a place for filing within the meaning of § 3672. In so holding, the court stated * * * the subject of federal taxes, including 'remedies for their collection, has always been conceded to be independent of the legislative action of the states.' *United States v. Snyder,* 149 U.S. 210, 214 [13 S.Ct. 846, 847, 37 L.Ed. 705, 706]. While § 3672(a)(1) unquestionably requires notice of a federal lien to be filed in a state office when the State *authoritatively* designates an office for that purpose, the section does not purport to permit the State to prescribe the form or the contents of that notice.

*Id.* at 293–94, 82 S.Ct. at 351, 7 L.Ed.2d at 296 (emphasis added). *See also United States v. Estate of Donnelly,* 397 U.S. 286, 90 S.Ct. 1033, 25 L.Ed.2d 312 (1970).

Puerto Rico's designation of an alternative filing place with respect to personal property is anything but authoritative. While § 1921 read alone could be said to encompass all federal tax liens on both real and personal property, § 1922 refers only to real property. Puerto Rico has throughout Title 30 established specific provisions for recording interests in real property. 30 L.P.R.A. § 1748 provides that the Commonwealth of Puerto Rico is one sole property registry district; 30 L.P.R.A. § 1749 divides this district into sections and further provides that "[i]n each section of the Property Registry of Puerto Rico shall be recorded the titles to the estates located within its respective territorial jurisdiction." 30 L.P. R.A. § 377 provides that with respect to real property, a special section in the Registry of Property is opened for each estate, and all subsequent records affecting that estate are to be entered in that section. In contrast, 30 L.P.R.A. § 1806 provides that all personal property mortgages must be recorded in both the registry of property of the district in which the property owner resides, *and* the registry of property of the

district in which the personal property is located. Given the differing provisions with respect to the recording of real property and personal property interests, we hold that § 1922, which is consistent with the provisions of §§ 1749 and 377, designates a place for filing notices of liens with respect to real property only. Section 1921 is silent as to the place for filing, and we are unable to extrapolate from § 1922 to determine the place for filing as to personal property. It is significant that the editors of the CCH Standard Federal Tax Reporter have also adopted this interpretation.[3]

In summary, we hold that the notices of liens for the withholding and FICA taxes were properly filed in the Office of the Clerk of the United States District Court, that such filing was timely, and consequently that the Government's interest in the subject personal property is superior to the interests of Flores and Santana. If the legislature of Puerto Rico in its wisdom desires to designate a place for filing notices of liens as to personal property for taxes assessed by the United States Government, it is free to so legislate.

Because of our holding that the Government's notices of liens as to the withholding and FICA taxes have priority over the interests of Flores and Santana in the subject personal property, we need not determine whether, as to those liens, the transfer of title to said property was a transfer to the prejudice of a preferred creditor in violation of 10 L.P.R.A. § 1720, as alleged by the Government in Count II of its complaint. However, the Government filed its notice of lien as to the FUTA taxes subsequent to the assignment by Puerto Rico Litho Corp. Therefore, pursuant to § 6323(a), the Government's lien as to the FUTA taxes is not superior unless the transfer of the property is set aside as a conveyance made in violation of § 1720. As

noted above, the district court stated no reasons for granting summary judgment in favor of defendants as to Count II of the Government's complaint.

10 L.P.R.A. § 1720 provides in pertinent part:

The alienation of a commercial establishment or of the whole or greater part of its stock, sold in a lump to one or several persons on the same day or within one month, shall be presumed fraudulent, provided such alienation is made gratuitously or for half or less than half of the market price, or to a creditor or creditors in payment of debts, to the prejudice of or in preference to, other creditors having the same or a better claim. In all the cases mentioned in the preceding paragraph, the creditors shall have action to have the effected alienation rescinded and to have the proper value of the establishment or stock sold deposited at the disposal of the proper court to be divided among the creditors in accordance with the law.

*     *     *     *     *     *

There shall be excluded from the provisions of this section the usual and ordinary sales made by wholesale and retail merchants to consumers, in accordance with business practice and usage.

We hold that the district court erroneously granted summary judgment as to Count II, because there existed genuine issues of material fact as to the nature of Puerto Rico Litho Corp.'s business. These issues include whether Puerto Rico Litho Corp. was a merchant engaged in the sale of goods, and whether Puerto Rico Litho Corp. assigned stock to Flores rather than office equipment and/or machinery. These factual issues must be resolved in order to determine whether § 1720 applies here.

The judgment of the district court is vacated and the cause is remanded with di-

**3.** The Commerce Clearing House service contains a chart specifying the places to look for notice of federal tax liens in all states and territories. As to Puerto Rico, the service states that notices of liens as to real property are filed in the Registry of Property in the district in which the real property is located. It further specifies that the federal district court is the place where liens attached to personal property are located, explaining that Puerto Rico law does not designate a place for the filing of notices as to liens on personal property. 7 CCH 1976 Stand.Fed.Tax Rep. ¶ 5362.-205, at 62, 243.

rections to enter judgment declaring that the Government's liens for unpaid withholding and FICA taxes are prior to the interests of Flores and Santana in the subject personal property and to grant relief to the Government accordingly. The district court is further directed to consider and decide the issues raised in Count II of the Government's complaint.