**In re Daniel G. AIKEN, Debtor.**

**Bankruptcy No. 88–10297.**

United States Bankruptcy Court, D. Maine.

April 4, 1991.

Nancy Torresen, Asst. U.S. Atty., Bangor, Me., for I.R.S.

Robert S. Lingley, Russell, Lingley & Silver, Bangor, Me., for trustee.

Daniel G. Aiken, pro se.

### MEMORANDUM OF DECISION SUSTAINING TRUSTEE'S OBJECTION TO CLAIM

JAMES B. HAINES, Jr., Bankruptcy Judge.

The court has before it the trustee's objection to the secured claim of the Internal Revenue Service ("IRS"). The IRS asserts that by virtue of notices of federal tax liens filed in the Penobscot County Registry of Deeds on June 16, 1983; December 31, 1984; August 22, 1985; and July 16, 1979 (refiled March 6, 1985), its claims for taxes, interest and penalties are secured by liens on the debtor's real and personal property. The trustee contends that the IRS has not perfected its liens against the debtor's personalty and, therefore, that, by virtue of his § 544 strong arm powers, he may avoid the liens.

Resolution of the trustee's objection requires application of the federal tax lien filing statute, 26 U.S.C. § 6321, in conjunction with state law.

For the reasons set forth below, the court concludes that the IRS did not properly perfect its tax lien on the debtor's personal property.

*Discussion*

The trustee holds only personal property, consisting principally of collected accounts receivable. The IRS does not contest his assertion that "no real estate was ever an asset of this estate...."

An IRS tax lien attaches to all of a tax debtor's property and rights to property, real or personal. 26 U.S.C. § 6321. Without question, the lien extends to accounts receivable. *U.S. v. Bank of Celina,* 721 F.2d 163, 167 (6th Cir.1983). However, to be enforceable against, *inter alia,* a judgment lien creditor, a notice of tax lien must be properly filed. 26 U.S.C. § 6323(a).

The required method of filing the tax lien notice is prescribed by 26 U.S.C. § 6323(f). That statute provides that, in the case of personal property, the lien notice is to be filed in:

> one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated, except that State law merely conforming to or reenacting Federal law establishing a national filing system does not constitute a second office for filing as designated by the laws of such State....

26 U.S.C. § 6323(f)(1)(A)(ii). The notice of tax lien is to be filed in the office of the Clerk of the United States District Court for the judicial district in which the property subject to lien is situated whenever the state "has not by law designated one office" which meets the requirements quoted above. 26 U.S.C. § 6323(f)(1)(B). Mr. Aiken was a resident of Lincoln, Penobscot County, Maine, when the lien notices were filed. Under the statute, his personal property is deemed to have been situated there. 26 U.S.C. § 6323(f)(2)(B).

The IRS contends that recording its notices of federal tax liens in the Penobscot County Registry of Deeds satisfied the statutory filing requirements and, therefore, that its liens on accounts receivable withstand the trustee's attack. Citing 33 M.R.S.A. § 664, it asserts that, at the time,

Maine law "specifically designated" the Registry of Deeds for the county in which property subject to the lien was located as the office for the filing of the federal tax lien notice.[1] The trustee contends that 33 M.R.S.A. § 664 did not constitute a specific designation of an office where federal tax lien notices were to be filed as to personalty. He argues that, read in context, 33 M.R.S.A. § 664 was but one provision within many addressing real property records and recordings in the registry of deeds. As such it constituted a specific designation for recording federal tax liens as to real property only.

The First Circuit's decision in *United States v. Flores*, 535 F.2d 135 (1st Cir. 1976), is instructive. In *Flores* the court considered Puerto Rico's filing statutes and concluded that, although the statutory provision before it "read alone could be said to encompass all federal tax liens on both real and personal property," it considered that, in context, the provision relied upon by the government operated as a "specific designation" for the filing of tax liens as to real property only. *Id.*, 535 F.2d at 139. It noted that Puerto Rico required chattel mortgages to be filed in two locations, rather than in just the registry, and concluded that, given differing provisions with respect to recording mortgages for real and personal property, the section which indicated that registrars of real property records were to keep a tax lien index could not be considered to be a specific designation of the office for recording liens to perfect them as against both real and personal property. *Id.*, 535 F.2d at 139.

Not unlike the Puerto Rico statute considered by the First Circuit in *Flores*, 33 M.R.S.A. § 664, read alone, might appear to be a specific designation of the place to record federal tax liens to perfect them against competing claims to a tax debtor's real and personal property. It speaks of "property" generally, without further designation of its "real" or "personal" character. However, § 664 appeared within the statutory subchapter that provides for recording a variety of deeds, instruments and orders affecting real property, exclusively.[2] If § 664 were found to have been a designation of the recording office for tax liens as to personalty, it would be the *only* section of the lengthy subchapter providing for recording instruments affecting person-

---

1. 33 M.R.S.A. § 664, which was enacted in 1954 and was repealed in 1988, subsequent to the last lien notice filing against Aiken, provided:

   Notice of liens for internal revenue taxes payable to the United States of America and certificates discharging such liens, prepared in accordance with the laws of the United States pertaining thereto, may be filed in any county in this State in the registry of deeds for that county or counties within which the property subjected to such lien is situated.

   Registers of deeds shall receive, record and index such notices and discharges in the same manner as similar instruments are recorded and indexed.

   The fee to be paid by the United States to registers of deeds for recording each such notice or discharge if $5, which need not be prepaid.

2. The section appeared in Subchapter II—Records and Recording—of Chapter 11 of Title 33—Register of Deeds. Subchapter II calls for each county registry to establish a record and index. The records, *inter alia*, disclose "the name of the city, town or unincorporated place where the *land* conveyed is situated." (33 M.R.S.A. § 651) (emphasis supplied); include a grantor/grantee index (33 M.R.S.A. § 651–A); provide books for recording plans that can be reproduced in keeping with "accepted engineering and survey practices" (33 M.R.S.A. § 652); and certify the time of recordation and the location of affected property (33 M.R.S.A. § 653).

   Other sections of the subchapter deal with, *e.g.,* filing subdivision plats (33 M.R.S.A. § 657); recording releases of conditions on land use (33 M.R.S.A. § 658); filing plans resolving real property disputes (33 M.R.S.A. § 659); retaining township plans (33 M.R.S.A. § 660); recording plans of land allotments within towns or cities (33 M.R.S.A. § 662); and naming and transferring farm lands (33 M.R.S.A. §§ 665, 666).

   Most tellingly, 33 M.R.S.A. § 654, which was enacted in 1954, contemporaneously with § 664, requires that registers of deeds receive and record "all certificates in equitable proceedings, copies of judgments and decrees" and other miscellaneous instruments, including seizures on attachments and execution "of *real property* situate in their respective counties...." (Emphasis added.)

   A more recent addition to the subchapter, 33 M.R.S.A. § 669, enacted in 1971, provides for recording certified copies of bankruptcy petitions in a county or district "wherein the bankrupt owns or has an interest in any *land.*" (Emphasis added.)

al property rights in the registry of deeds. In contrast, during the time period in which the IRS recorded its liens against Aiken, Maine statutes set forth distinct methods for recording a variety of orders and instruments affecting rights and interests in personal property.[3]

## CONCLUSION

The court must conclude that, prior to 1989,[4] Maine had not specifically designated one office for the filing of federal tax lien notices with regard to personal property. Accordingly, to withstand the challenge of a bankruptcy trustee, the notice of lien must have been filed with the Clerk of the United States District Court.[5]

The trustee's objection to the secured status of the IRS claim is sustained. A separate order will be entered forthwith.

---

3. *See, e.g.,* 14 M.R.S.A. § 3131(9)(C) (turnover orders against judgment debtors to be filed with the Secretary of State with regard to personal property, in the registry of deeds with regard to real property); 19 M.R.S.A. § 503(1) (liens for collection of support debts to be filed in the registry of deeds for real property and in "any office appropriate for a notice with respect to personal property"); 36 M.R.S.A. § 612 (tax liens on personal property filed with Secretary of State); 11 M.R.S.A. § 9–403 (filing with Secretary of State to perfect security interests in personalty).

4. Effective June 30, 1989, Maine enacted the Uniform Federal Lien Registry Act, which specifically designated the office of the Secretary of State for filing tax lien notices against personal property. 33 M.R.S.A. § 1903(3). The Uniform Act retained the county registry of deeds as the designated office for recordation of federal tax liens against real property. 33 M.R.S.A. § 1903(2).

