**In re Daniel G. AIKEN, Debtor.**

Civ. A. No. 91–0122–B.
Bankruptcy No. 88–10297.

United States District Court,
D. Maine.

Oct. 11, 1991.

George P. Eliopoulos, Dept. of Justice, Tax Div., Washington, D.C., George Dilworth, Asst. U.S. Atty., Bangor, Me., for I.R.S.

Robert S. Lingley, Trustee, Russell, Lingley & Silver, Bangor, Me.

## ORDER ON APPEAL AND MEMORANDUM OF OPINION

BRODY, District Judge.

The question presented in this bankruptcy appeal is whether a Maine statute— since superseded—designating the county registries of deeds as the office(s) in which the Internal Revenue Service was required to file notices to perfect tax liens on a taxpayer's "property" applied to personal as well as real property.

This case is before the Court on a stipulated record. Daniel Aiken filed a voluntary bankruptcy petition under Chapter 7 on July 29, 1988. The bankruptcy estate comprises only personal property, principally proceeds of certain of Aiken's collected accounts receivable. On August 10, 1990, the IRS filed a proof of claim against the estate for approximately $51,000 of unpaid taxes, including accrued interest and penalties, for 1978, 1982, 1983 and 1984. The IRS asserted that it is entitled to priority when the estate is distributed because it perfected tax liens in Aiken's property by filing notices in the Penobscot County Registry of Deeds on July 16, 1979 (refiled March 6, 1985), June 16, 1983, December 31, 1984, and August 22, 1985, for each of the respective tax years. The trustee for the bankruptcy estate filed an objection to the IRS's proof of claim on January 23, 1991, arguing that the IRS filed the notices in the wrong office and thus failed to perfect its tax liens.

The legal framework is straightforward. The Internal Revenue Code creates a lien in favor of the United States "upon all property and rights to property, whether real or personal" for unpaid taxes once a demand for payment is made. 26 U.S.C. § 6321 (1988). The government's lien, however, is not valid against certain persons—purchasers, holders of security interests, mechanic's lienors and judgment creditors—until the IRS files notice of the tax lien. 26 U.S.C. § 6323(a). The Internal Revenue Code permits states to designate "one office within the State (or the county, or other governmental subdivision)" as the place for filing notices of tax liens on personal property. 26 U.S.C. § 6323(f)(1)(A)(ii).[1] If no office is designated by state law, the IRS must file notices

---

1. States may designate the same, or another, office for filing liens on real property. 26 U.S.C. § 6323(f)(1)(A)(i).

of tax liens with the clerk of the United States district court for the judicial district in which the property is situated. 26 U.S.C. § 6323(f)(1)(B).[2] From 1925 to 1989, Maine law provided:

Notices of liens for internal revenue taxes payable to the United States of America and certificates discharging such liens, prepared in accordance with the laws of the United States pertaining thereto, may be filed in any county in this State in the registry of deeds for that county or counties within which the property subjected to such lien is situated.

33 M.R.S.A. § 664.[3]

The sole issue raised on appeal is whether the term "property" in § 664 applied to personal as well as real property for purposes of designating the county registries of deeds as the office in which the IRS had to file notices of tax liens. The United States Bankruptcy Court for the District of Maine (Haines, J.) determined that § 664 applied only to real property. Holding that the IRS did not properly perfect its tax liens on Aiken's personal property by filing notices in the Penobscot County Registry of Deeds, the Bankruptcy Court sustained the trustee's objection. 128 B.R. 4. The United States appealed. Because we interpret the term "property" to include personal as well as real property, we now reverse.

We review the bankruptcy court's rulings and conclusions of law de novo. *In re BWL, Inc.*, 123 B.R. 675, 682 (D.Me.1991). Questions of statutory construction are questions of law. *See, e.g., Irons v. FBI*, 880 F.2d 1446, 1446–47 (1st Cir.1989) (en banc).

The principles of statutory interpretation we apply are well established. " 'The starting point in every case involving construction of a statute is the language itself.' " *Ernst & Ernst v. Hochfelder*, 425

U.S. 185, 197, 96 S.Ct. 1375, 1383, 47 L.Ed.2d 668 (1976) (quoting *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 756, 95 S.Ct. 1917, 1935, 44 L.Ed.2d 539 (1975) (Powell, J., concurring)). Section 664 referred to "property" generically without modification or limitation. Nothing in the statute indicated that the legislature used the term "property" in a restricted manner. In common usage, "property" encompasses both real and personal property. Indeed, the trustee, concedes that "[t]he term property is all inclusive. It means real property, personalty, and choses in action." Brief of the Trustee in Bankruptcy at 3. The plain language of § 664 is naturally read as applying to both real and personal property.

We next examine the legislative intent and the purpose underlying Maine's tax lien filing statute to determine whether they undercut the literal terms of the statute. "Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive." *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). As is often true of older state legislation, there is no legislative history. We cannot conclude that legislative history suggests that the term "property" should be narrowly construed.

Interpreting § 664 to apply to personal as well as real property is also consistent with the purpose of the statute. Tax lien notices are simply public records which prospective creditors should be able to easily find and review as they decide whether to deal with a potential customer or borrower. The location selected for filing need only be "simple, obvious and natural." *Dimmitt & Owens Financial, Inc. v. United States*, 787 F.2d 1186, 1190 (7th Cir.1986). Maine's use of the Registry of Deeds is consistent

---

**2.** Personal property is deemed to be situated at the residence of the taxpayer at the time notice is filed. 26 U.S.C. § 6323(f)(1)(B). In the instant case, all parties agree that Aiken resided in Penobscot County at all relevant times.

**3.** After Aiken filed for bankruptcy, Maine enacted the Uniform Federal Lien Registry Act, effec-

tive June 30, 1989, which requires that tax lien notices regarding personal property be filed with the office of the Secretary of State and tax lien notices regarding real property continue to be filed with the county registries of deeds. 33 M.R.S.A. § 1903 *et seq.*

with each of these criteria. Furthermore, states have regularly assigned responsibility for recording and filing federal tax liens on personal as well as real property to their registries of deeds or counterparts. *See generally* [1990] 11 CCH Stand.Fed.Tax Rep. ¶ 39,060.205 (summary listing of the proper offices for filing tax liens on all types of property in all fifty states shows that a clear majority use (or have used) registries of deeds). *See also, e.g., Dimmitt & Owens*, 787 F.2d at 1189 (Illinois law designated Register of Deeds); *Corwin Consultants, Inc. v. Interpublic Group of Cos.*, 512 F.2d 605, 608 n. 10 (2d Cir.1975) (New York law designated county clerk's or city register's office); *S. D'Antoni, Inc. v. Great Atlantic and Pacific Tea Co.*, 496 F.2d 1378, 1381 (5th Cir.1974) (Louisiana law designated office of parish recorder of mortgages); *In re Autorama Tool & Die Company*, 412 F.2d 369, 371–72 & 372 n. 5 (6th Cir.1969) (Michigan law required federal tax lien filings on "property, real or personal" to be made with the county registers of deeds); *United States v. Bollinger Mobile Home Sales, Inc.*, 492 F.Supp. 496, 497 (N.D.Tex.1980) (Texas required filings affecting intangible property to be made in the office of the county clerk); *In re Schons*, 54 B.R. 665, 667–68 (Bkrtcy.W.D.Wash.1985) (Washington state law designated county recorder's office). Though establishing a security interest in personal property under the Uniform Commercial Code now generally requires filing documents with the Secretary of State's office, many of the states' federal tax lien filing statutes antedate the UCC. Adopted before modern modes of communication and transportation made it possible for creditors to rely on and have access to a single, centralized filing office, it is hardly surprising that state legislation designated local offices as the place in which to file notices of federal tax liens. We cannot say

that the purpose of § 664 requires us to depart from the plain language of the statute and to interpret § 664 as applicable only to tax lien filings regarding real property.

The Bankruptcy Court's narrow view of the term "property" flowed from its interpretation of *United States v. Flores*, 535 F.2d 135 (1st Cir.1976) and its reading of the statutory subchapter in which § 664 was located. In *Flores*, the First Circuit examined two intimately related sections of Puerto Rico tax lien law to determine whether "Puerto Rico [had] by statute designated a place for the filing of federal tax liens on personal property." *Flores*, 535 F.2d at 137. The first section of the law provided:

> Every registrar of property shall keep a book to be known as "Registry of Liens for Taxes in favor of the United States of America" in which shall be registered all notices of delinquent federal taxes in accordance with sections 6321, 6322 and 6323 of the United States Internal Revenue Code and their corresponding certificates of payment or release.

30 L.P.R.A. § 1921. The following section provided:

> The notices of federal liens referred to in this chapter shall be presented for registration in the section of the registry of property of the district where the *real properties* affected are located. After their registration, said notices shall be filed, in correlative number, in a record to be kept in the registry, subject to the following provisions.

30 L.P.R.A. § 1922 (emphasis added). The First Circuit noted that "[w]hile § 1921 read alone could be said to encompass all federal tax liens on both real and personal property, § 1922 refers only to real property." *Id.* at 138. Maine's § 664 has no directly related provision which clearly limits its scope to "real property."[4]

The Bankruptcy Court, however, looked beyond § 664 to the loosely related provi-

---

4. In addition, the First Circuit noted that the editors of CCH Standard Federal Tax Reporter read sections 6321 and 6322 as applicable only to real property. Without indicating how much weight is appropriately given to editorial interpretation of state tax lien filing statutes, the First Circuit has noted it "is significant that the editors of the CCH Standard Federal Tax Reporter have also adopted this interpretation." *Flores*, 535 F.2d at 139. In the instant case, the editors of CCH read § 664 as applicable to both personal and real property. [1990] 11 CCH Stand.Fed.Tax Rep. ¶ 39,060.205 at 65,423.

sions of the subchapter—entitled "Records and Recording"—which deals with the duties of the Registry of Deeds generally. Surveying the subchapter, the bankruptcy court noted that most of its sections dealt with real property. *See* 128 B.R. at 6 n. 2. The Bankruptcy Court judge apparently concluded that "[i]f § 664 were found to have been a designation of the recording office for tax liens as to personalty, it would be the only section of the lengthy subchapter providing for recording instruments affecting personal property rights in the registry of deeds." At 6–7. The government notes and the trustee concedes that § 654, dealing with "Miscellaneous Records," provides for recording "certificates of advertised stallions and copies of processes against domestic corporations filed for service by officers in the registry [to be kept] on file for the inspection of parties interested and enter[ed] in suitable books, properly indexed." 33 M.R.S.A. § 654. We are unpersuaded by the Bankruptcy Court's analysis primarily because the subchapter is not strictly limited to records dealing with real property. We are further convinced that the term property in § 664 applies to personal as well as real property because, even within the subchapter, when the Maine legislature intended that a provision apply only to real property, it used the terms "land" or "real property." *See* 33 M.R.S.A. §§ 651, 658, 662, 663, 665, 666, 669. *See also* 33 M.R.S.A. § 653 (mentioning "property" but immediately restricting its scope to "real estate").

We conclude that the term "property" as used in § 664 of Maine's former federal tax lien filing statute applied to personal as well as real property. The IRS's filings of tax lien notices in the Penobscot County Registry of Deeds properly perfected the government's liens on Aiken's personal property. The decision of the Bankruptcy Court is, therefore,

REVERSED AND REMANDED for further proceedings consistent with this opinion.